# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH THOMASON,<br><br>    Plaintiff,<br><br>v.<br><br>SKYWEST AIRLINES, INC.,<br><br>    Defendant. | 1:12-cv-00097 LJO GSA<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT**<br><br>(Document 5) |

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Elizabeth Thomason ("Plaintiff") was employed by Defendant Skywest Airlines, Inc. ("Defendant"), from August 2007 until her resignation on August 11, 2009. (Doc. 1, Ex. A, ¶ 1.) As a customer service agent, Plaintiff received "good performance evaluations and wage increases" prior to bidding on a full time customer service position that would allow for accommodation of her religious beliefs. (Doc. 1, Ex. A., ¶ 12.) In spite of the availability of a shift that would permit Plaintiff to attend Sunday morning religious services, and instead of the position for which she bid, Plaintiff was regularly given mandatory shift assignments that precluded religious service attendance. (Doc. 1, Ex. A., ¶¶ 13-14.) Despite Plaintiff's repeated requests for full time positions and accommodation, her requests were ignored by Defendant.

1

1    In July 2009, Plaintiff filed a written complaint with Defendant for discrimination and failure to accommodate her religious observance. (Doc. 1, Ex. A., ¶¶ 15-16.) Following her complaint, Plaintiff was subjected to harassment and was eventually forced to resign due to a hostile work environment. (Doc. 1, Ex. A., ¶¶ 17-18.)

Thereafter, in January 2010, Plaintiff filed a complaint against Defendant with the Department of Fair Employment and Housing, receiving a "Right to Sue Letter" in January 2011. (Doc. 1, Ex. A, ¶ 21.) On December 21, 2011, Plaintiff filed a complaint against Defendant in the Fresno County Superior Court. Plaintiff alleged discrimination and harassment and failure to prevent discrimination and harassment on the basis of religious creed, failure to accommodate religious observance, and retaliation, all in violation of California Government Code section 12940. (*See* Doc. 1, Ex. A.)

On January 19, 2012, Defendant filed its answer to the complaint. (*See* Doc. 1, Ex. C.)[1] The following day, Defendant filed a Notice of Removal in this Court. (Doc. 1.)

On January 24, 2012, Plaintiff filed the instant motion. (Docs. 5-7.) On February 17, 2012, Defendant filed an opposition to the motion. (Doc. 10.) On February 24, 2012, Plaintiff filed her reply to Defendant's opposition. (Doc. 12.)

On February 28, 2012, this Court determined the matter was suitable for decision without oral argument pursuant to Local Rule 230(g).[2] The hearing scheduled for March 2, 2012, was vacated and the matter was deemed submitted for written findings. (Doc. 13.)

//
//
//
//

---

[1] On February 9, 2012, Defendant filed its first amended answer to the complaint. (Doc. 9.)

[2] The Court carefully reviewed and considered all of the pleadings, including arguments, points and authorities, declarations, and exhibits. Any lack of reference to an argument or pleading is not to be construed that this Court did not consider the argument or pleading.

**LEGAL STANDARD**

Title 28 of the United States Code[3] section 1441(a) provides that a defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction . . . ." Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* §§ 1331, 1332(a).

Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "The removal statute is strictly construed against removal jurisdiction [and] [t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083 (9th Cir. 2009). The Ninth Circuit has held that "[w]here doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).

A motion to remand is the proper procedure for challenging removal. *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007). When reviewing a motion to remand, a district court must analyze jurisdiction "on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (citation omitted). If a defendant has improperly removed a case over which the district court lacks subject matter jurisdiction, the district court shall remand the case to the state court. § 1447(c); *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (noting that a district court resolves all ambiguity in favor of remand). However, a district court lacks discretion to remand a case to the state court if the case was properly removed. *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*,

---

[3] All further statutory references are to the various sections of Title 28 of the United States Code unless otherwise indicated.

743 F.2d 1341, 1343 (9th Cir. 1984); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

Where the parties in an action are citizens of different states, a district court "shall have original jurisdiction . . . where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." § 1332(a). This amount includes claims for general and special damages (excluding costs and interests), attorneys fees if recoverable by statute or contract, and punitive damages, if recoverable as a matter of law. *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998). The amount in controversy is "determined at the time the action commences, and a federal court is not divested of jurisdiction . . . if the amount in controversy subsequently drops below the minimum jurisdictional level." *Hill v. Blind Industries and Services of Maryland*, 179 F.3d 754, 757 (9th Cir. 1999).

Where the complaint does not specify the amount sought as damages, the removing party must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. *Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

## DISCUSSION

### *Summary of the Parties' Positions*

Plaintiff does not dispute that diversity jurisdiction exists. Instead, Plaintiff argues that remand is required here because her "allegation of physical injury . . ., coupled with the allegation of worker's compensation exclusivity in Skywest's answer, make it necessary to interpret California's worker's compensation laws . . . in order to resolve" her claim. Thus, because section 1445(c) precludes federal jurisdiction of "[a] civil action . . . arising under the workmen's compensation laws of" California, this matter must be remanded to the Fresno County Superior Court. (Doc. 6 at 2-3; *see also* Doc. 12.)

In response, Defendant contends that removal was proper in the first instance, and thus remand is not required. More particularly, Defendant argues that Plaintiff's complaint asserts

4

claims arising under the California Fair Employment and Housing Act ("FEHA") rather than claims arising under California's workers' compensation laws (Doc. 10 at 3-6), and therefore, removal was not precluded.

### *Analysis*

The term "arising under" in the context of section 1445(c) has the same meaning as "arising under" in section 1331, which governs federal question jurisdiction. *See Reed v. Heil Co.*, 206 F.3d 1055, 1059 (11th Cir. 2000); *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1245-46 (8th Cir. 1995); *Morra v. Ryder Truck Rental, Inc.*, 2012 WL 486957, at *3 (E.D. Cal. Feb. 14, 2012). In defining "arising under" for purposes of section 1331, the Ninth Circuit has explained that

> [a] claim arises under a federal law within § 1331 if it is apparent from the face of the complaint either that (1) a federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law that creates a cause of action is a necessary element of the plaintiff's claim.

*Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1142-43 (9th Cir. 2000).

In support of her motion, yet in the absence of meaningful analysis, Plaintiff relies upon *Hamblin v. Coinstar, Inc.,* 2007 WL 4181822, at *3 (E.D. Cal. Nov. 21, 2007). In *Hamblin*, the district court issued a revised opinion finding that its earlier order denying plaintiff's motion to remand was erroneous. *Id.* However, *Hamblin* is distinguishable from Plaintiff's case. In that case, the plaintiff's complaint expressly alleged that defendant wrongfully discharged him after he filed a worker's compensation claim. *Id.*, at *3. Here, unlike the plaintiff in *Hamblin*, Plaintiff did *not* file a workers' compensation claim nor does she allege she was terminated as the result of filing a workers' compensation claim. Rather, Plaintiff contends she was forced to resign in light of a hostile work environment that arose after she complained that her requests for a full time position and a schedule that would accommodate her religious beliefs and practices were ignored. (Doc. 1, Ex. A.)

Plaintiff incorrectly asserts that the case must be remanded to state court because her allegations of personal injury "coupled with the allegation of workers' compensation exclusivity" in Defendant's answer, "arise under" California's workers' compensations laws. Removal jurisdiction is based on the well-pled allegations of the complaint. *Merrell Dow Pharmaceutical, Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). Plaintiff's complaint does not reference workers' compensation laws. Rather, her claims are based solely upon the anti-discrimination and retaliation provisions in FEHA. With specific regard to Defendant's affirmative defense of workers' compensation exclusivity (*see* Doc. 1, Ex. C, ¶ 13), such a defense does not create a basis for remand. Generally, a defense, even if contemplated by the parties, does not form the basis for removal because it does not appear on the face of the complaint. *See, e.g., Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (a case may not be removed based on a federal defense "even if the defense is anticipated in the plaintiff's complaint, and even if both parties conceded that the federal defense is the only question truly at issue").

Moreover, this Court will not be required to construe California's workers' compensation laws in deciding Plaintiff's claims. *See Morra v. Ryder Truck Rental, Inc.*, 2012 WL 586957, *5 ("Plaintiff's claims against Ryder do not 'arise under' California's worker's compensation laws and thus remand is not mandated"); *Rhodes v. Costco Wholesale Corp.*, 2010 WL 744390, *2 (S.D. Cal. Mar. 3, 2010) (California workers' compensation laws not necessary element of plaintiff's FEHA retaliation claim and resolution of the claim does not require analysis of California's workers' compensation laws); see also *U.S. Fidelity and Guar. Co. v. Lee Investments LLC*, 641 F.3d 1126, 1132 (9th Cir. 2011) (action did not "arise under" California's workers' compensation laws because it did not involve an adjudication of the employee's workers' compensation benefits; it concerned whether the employer had obtained an insurance policy through misrepresentation).

Simply put, Plaintiff's claims for discrimination and harassment and failure to prevent discrimination and harassment on the basis of religious creed, failure to accommodate religious observance, and retaliation, do not require this Court's consideration of California's workers' compensation law.  Instead, resolution of Plaintiff's claims will turn on whether or not she suffered discrimination and harassment at the hands of Defendant on the basis of her denied requests for a full time schedule that would permit her to attend religious services on Sunday mornings, and whether or not her complaints in this regard resulted in retaliation culminating in her resignation.  (*See* Doc. 1, Ex. A, ¶¶ 11-20.)

Finally, this Court recognizes that Congress enacted section 1445(c) to preserve a plaintiff's choice of forum, to protect "'states' interest in administering their own workers' compensation schemes,'" and to reduce the workload that workers' compensation cases cause in federal courts.  *Vasquez v. North County Transit Dist.*, 292 F.3d 1049, 1061 & n.6 (9th Cir. 2002); *see also Zurich American Ins. Co. v. General Motors Corp.*, 242 F.Supp.2d 736, 739 (E.D. Cal. Jan. 30, 2003).  Nevertheless, because Plaintiff's claims do not arise under California's workers' compensation laws (nor has Plaintiff filed a workers' compensation claim), and for the reasons outlined above, the legislative aims and goals intended by Congress are not offended by the removal of this action to federal court.

### *Attorney's Fees*

Plaintiff seeks an award of attorney's fees related to the preparation and filing of the motion for remand.  (Doc. 6 at 3; Doc. 7, ¶¶ 2-6.)

An award of costs and fees is authorized only where remand occurs for "a defect in removal procedure" or for a lack of subject matter jurisdiction.  § 1447(c).  A federal court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S.Ct. 704, 708-09 (2005).  The award of attorney fees is not automatic where plaintiff has prevailed; it is discretionary. *Id.*, at 136.  The key factor regarding such an award is the propriety

of the removal, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.*, at 136; *see also Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Here, as explained above, an award of fees and costs is not warranted because Defendant properly removed this matter from state court.

## RECOMMENDATIONS

For the reasons stated above, this Court recommends that Plaintiff's Motion To Remand Action to State Court be DENIED in its entirety.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 9, 2012**     /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE