**WILLIAM J. SMITH - #056116**
**KIRBY F. CAÑON #276414**
**SMITH JOHNSON, INC.**
2350 West Shaw Avenue, Suite 132
Fresno, California 93711
(559) 432-0986 Telephone
(559) 432-4871 Facsimile

Attorneys for Plaintiff, ELIZABETH THOMASON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH THOMASON, ) | Case No. 1:12-cv-00097-LJO-GSA |
| )  Plaintiff, ) | **STIPULATED PROTECTIVE ORDER** |
| vs. ) | |
| SKYWEST AIRLINES, INC., a Utah ) corporation, and DOES 1 through 20, inclusive, ) | |
| )  Defendants. ) | **Complaint Filed: December 21, 2011** |

### PROTECTIVE ORDER

Plaintiff ELIZABETH THOMASON ("Plaintiff"), and Defendants SKYWEST AIRLINES, INC. and DOES 1 through 20 (Defendants), by and through their respective counsel of record, hereby agree and stipulate to this Protective Order Re: Confidentiality of Discovery Materials; and Order (the "Order") as follows:

IT IS HEREBY ORDERED THAT:

1. The following procedure shall govern the production of all materials during discovery in this action, including, but not limited to, answers to interrogatories, requests for admissions, all documents produced by parties or non-parties, responses to subpoenas duces tecum, deposition testimony, and information contained therein, and information provided during any settlement discussions (hereinafter collectively the "Discovery Materials") that are designated as confidential pursuant to paragraph 2 below, including all copies, excerpts, summaries and information derived

1  from them (collectively "Confidential Materials").

2  2. Any party or non-party producing Discovery Materials may designate Discovery Materials as "CONFIDENTIAL." Information or Discovery Materials designated as "CONFIDENTIAL" shall be those things that may be disclosed to the parties for the purposes of this litigation, but which must be protected against disclosure to third parties. The following Discovery Materials qualify for "CONFIDENTIAL" designation at this time: confidential, proprietary, trade secret and/or private information. The parties cannot reasonably anticipate all information that will be requested and produced in this action, and they therefore reserve the right to negotiate and enter into additional protective orders designed to maintain the confidentiality of additional Discovery Materials requested and produced in connection with this case in the future.

3. In addition to the "CONFIDENTIAL" designation, certain information may bear the additional designation "ATTORNEY EYES ONLY." The "ATTORNEY EYES ONLY" designation is reserved for materials that contain information of an extremely sensitive nature, such as actual trade secrets, non-public financial date, or medical files. "ATTORNEY EYES ONLY" information may not be disclosed to any party nor other person without prior notice and approval by the other party. The parties cannot reasonably anticipate all information that will be requested and produced in this action, and they therefore reserve the right to negotiate and enter into additional protective orders designed to maintain the Attorneys Eyes Only designation of additional Discovery Materials requested and produced in connection with this case in the future.

4. A party may, at any time, serve written notice of its objections to the designation of any Discovery Materials as Confidential Materials. The parties shall then informally attempt to resolve their dispute. If they are unable to do so, within twenty-one (21) days of the date of the written objections, the party that has designated the document(s) "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY" shall bring a motion before the Court to obtain an order that the Discovery Materials at issue is (are) to be so designated. During the pendency of the motion, the Discovery Materials at issue shall be treated in accordance with their designation. If the designating party fails to bring a motion within the time period set forth herein, to obtain a court order designating the document as "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY," then the documents shall be deemed non-

confidential and/or non-attorneys eyes only.

    5.    Any party who produces documents or computer media or gives testimony in this action may designate information as "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY."

    6.    "Document" as used herein means any type or classification of document and includes all information contained in a document or electronic format.

    7.    "CONFIDENTIAL" Discovery Materials may not be disclosed except as set forth in paragraph 6 below to a "Qualified Person." "CONFIDENTIAL" Discovery Materials shall be used solely for the purposes of this litigation and shall not be used for any business or other purpose. The restrictions on use of "CONFIDENTIAL" Discovery Materials set forth in this Order shall survive the conclusion of the litigation, and, after conclusion of this litigation, the Court shall retain jurisdiction for the purpose of enforcing this Order:

    8.    "Qualified Person" as used herein means:

        A.    Attorneys of record and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation, including Experts and Consultants.

        B.    Individuals who are a party, or designated representative(s) of a corporate party to this litigation; and

        C.    Any person retained by a party or its attorneys of record in this litigation for trial, such as technical experts and consultants; and

        D.    Any other person who is designated as a Qualified Person by Order of this Court, after notice of all parties.

    9.    The documents identified in Sections 1 and 2 above shall not be made available to persons other than Qualified Persons, or to the party who produced the document, or to any person or party who is the proprietor or source of the document, except in the course of deposition, interrogatory or other discovery pleading or trial when inquiry can be made and disclosure of documents allowed for the purpose of inquiry concerning a document, information a document contains, or actions of a witness or others relative to the document or information it contains.

10. Nothing shall prevent disclosure beyond the terms of this Order if the party producing the document expressly consents to such disclosure, either in writing or in the record of any proceeding in this case, or if the Court, after notice to all parties, orders such disclosure.

11. Nothing in this Order (a) affects, in any way, the admissibility of any documents, testimony, or other evidence at trial or used at deposition; (b) restricts the use of information obtained from sources other than discovery, motion practice, or voluntary disclosure of information by any party conducted under the terms of this Order; or (c) prevents disclosure beyond the terms of the Order if the party designating the "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY" Discovery Materials consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

12. The inadvertent or unintentional disclosure by the producing party of "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY" Discovery Materials shall not be deemed a waiver, in whole or in part, of the confidential nature of such material, and, if so designated at any time, the "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY" Discovery Materials so disclosed shall be governed by, and subject to, the terms of this Order.  In the case of such an inadvertent production or disclosure of "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY" materials, and re-designation thereof by the producing party, nothing herein shall create liability for the party receiving such inadvertently disclosed information, so long as the receiving party takes reasonable steps to retrieve the "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY" Discovery Materials after the producing party has re-designated them.

13. The procedures set forth herein shall not affect the rights of the parties to object to discovery on the grounds other than those related to the confidentiality of the documents, nor shall it relieve a party of the necessity of proper responses or objections to discovery requests, nor shall it preclude any party from seeking further relief or protective orders from the Court as may be appropriate.

14. Nothing in the agreed order shall preclude either party from seeking, upon proper motion and notice, an order modifying the terms of this agreed protective order.

ACCEPTED AND AGREED TO:

SMITH JOHNSON, INC.

/s/William J. Smith                                          Dated: 6/28/12
WILLIAM J. SMITH, Attorneys for
Plaintiff ELIZABETH THOMASON


DYKEMA GOSSETT LLP


/s/Alex W. Craigie                                           Dated: 7-16-12
Alex W. Craigie,
Attorneys for Defendant
SKYWEST AIRLINES

SKYWEST AIRLINES, INC.
/s/Patricia Stambelos                                        Dated: 7/17/12
Patricia Stambelos,
Attorneys for Defendant
SKYWEST AIRLINES

## ORDER

All documents or materials designated as "Confidential" pursuant to this Protective Order, and all papers or documents containing information or materials designated as "Confidential" that are filed with the Court for any purpose shall be filed and served under seal pursuant to Local Rule 141. Paragraph four of this Protective Order remains subject to the deadlines set forth in the operative scheduling order regarding the timely filing of motions.

IT IS SO ORDERED.

Dated:   **July 26, 2012**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE