# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH THOMASON, | 1:12-cv-00097 LJO GSA |
| Plaintiff, | **ORDER REGARDING PLAINTIFF'S MOTION TO QUASH SUBPOENAS** |
| v. | (Docket Number 24) |
| SKYWEST AIRLINES, INC., | |
| Defendant. | |

**RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff Elizabeth Thomason filed her complaint in Fresno County Superior Court on December 21, 2011. She asserted claims of failure to prevent discrimination and harassment and discrimination and harassment on the basis of religious creed, failure to accommodate religious observance, and retaliation. Generally speaking, Plaintiff contends that as a customer service agent, she received "good performance evaluations and wage increases" prior to bidding on a full time customer service position at Defendant SkyWest Airlines, Inc. that would allow for accommodation of her religious beliefs. In spite of the availability of a shift that would permit Plaintiff to attend Sunday morning religious services, and instead of the position for which she bid, Plaintiff was regularly given mandatory shift assignments that precluded religious service

1

attendance. Moreover, despite Plaintiff's repeated requests for full time positions and accommodation, her requests were ignored by Defendant. Then, in July 2009, Plaintiff filed a written complaint with SkyWest for discrimination and failure to accommodate her religious observance. Following her complaint, Plaintiff was subjected to harassment and was eventually forced to resign due to a hostile work environment.

SkyWest removed the action to this Court on January 20, 2012. On January 24, 2012, Plaintiff filed a motion to remand the action to state court. On March 9, 2012, this Court issued Findings and Recommendations wherein it was recommended that Plaintiff's motion to remand be denied. On March 28, 2012, District Judge Lawrence J. O'Neill issued an Order Adopting Findings and Recommendations.

Following an informal telephonic conference with the parties on July 18, 2012, the Court extended the non-expert discovery deadline from August 15 to September 14, 2012.

On July 26, 2012, Plaintiff filed a Notice of Motion to Quash Deposition Subpoenas for Production of Business Records, supporting points and authorities, and supporting declarations.

In a minute order dated July 31, 2012, the parties were ordered to personally appear for the August 24, 2012, hearing, and were further ordered to file a joint statement regarding the discovery dispute pursuant to Local Rule 251(c). On August 17, 2012, the parties timely filed their joint statement.

On August 24, 2012, Kirby Canon personally appeared on behalf of Plaintiff; Alex Craigie personally appeared on behalf of Defendant. Counsel were directed to meaningfully meet and confer within the courtroom, in the absence of court staff and the undersigned. Thereafter, counsel advised the Court that they had reached agreement on several issues, yet required the Court's assistance to resolve one remaining issue.

//
//
//

**DISCUSSION**

***The Issues & The Parties' Arguments***

*Medical Records*

The first issue involves the production of Plaintiff's medical records. The request calls for records pertaining to "any physical and/or non-physical injuries or conditions, including emotional distress, humiliation, embarrassment and/or mental anguish" from July 2007 to the present.

Plaintiff contends that because she had provided verified discovery responses, under penalty of perjury, that she did not seek any treatment from any health provider related to her claims, there are no records and that her discovery responses "amount to nothing more than the customary pain and suffering" claims or "garden-variety" emotional distress claims. Therefore, "it is not reasonably likely that the records in Dr. Borgsdat's office are directly relevant to the condition she placed in issue." Plaintiff asserts that mere speculation by Defendant cannot overcome her right to privacy.

Initially, Defendant notes that Plaintiff has "objected to every subpoena served by SkyWest in this matter on the grounds that SkyWest was impermissibly invading her privacy." (Emphasis in original.) With particular regard to these records, Defendant contends the request is directly relevant to Plaintiff's claim for personal injury damages. Plaintiff has neither withdrawn nor modified this claim in a way that would preclude discovery. Because Plaintiff identified Dr. Borgsdat at Peachwood Medical Group as a person with discoverable information, and because she is asserting a personal injury claim, she cannot claim the physician-patient privilege. Despite Plaintiff's assertion that she does not intend to introduce evidence of medical expenses incurred at trial, SkyWest is not assured that she will not testify at trial that she suffered such injuries. These facts, argues Defendant, are relevant to causation, and its need for the information is manifest. Finally, Defendant contends the subpoena was narrowly drafted,

seeking only records within a reasonable time frame, and noting that Plaintiff's privacy would be protected by a protective order including an attorney's eyes only provision.

*Previous Employers*

Plaintiff's previous employers include Starbucks and Behavioral Intervention Associates. She worked for the former from May 2005 to July 2007, and for the latter in February and March 2006. Defendant's subpoenas sought records with "dates of employment, earnings, profits, benefits, business income, employment applications, submitted resumes, interview notes, salary, payroll, attendance, timecards, requests for accommodation or time off, and dates and hours worked from the first date of her employment to and including the present."

Plaintiff contends this information is not relevant because she did not attend St. James Anglican church at the time she worked for either previous employer. Additionally, she claims the request is over broad because it is not limited to "requests for accommodation or time-off due to her religious beliefs." More particularly, Plaintiff contends she began working for SkyWest in August 2007 and began requesting religious accommodation in February 2009. She began attending St. James Anglican in April 2008. Therefore, Plaintiff argues it is not reasonably probable that records from Starbucks and Behavioral Intervention Associates will include information directly relevant to her claims.

Additionally, Plaintiff argues "after-acquired personnel records regarding details of Plaintiff's prior requests for accommodation, if any, while she attended a different church would be inadmissible during any stage of this matter." Finally, Plaintiff contends the request is over broad because it is "not limited to religious accommodations" and because "reasonable accommodations due to a disability, for example, are unquestionably outside the scope" of this matter.

Defendant asserts that the records are relevant and discoverable because they will establish that Plaintiff has a pattern of applying for and taking positions that require her to work on Sundays, even when she has been made aware of the requirement that she be available for

4

weekend shifts beforehand.  Therefore, the information goes to whether she held a bona fide religious belief of which SkyWest was aware.  Defendant contends that the issue is whether Plaintiff sought accommodation or otherwise took steps to avoid conflicts with her work schedule, not which church she was attending at the time of her previous employment.  Further, Defendant contends the records may "reveal that Plaintiff made misrepresentations to SkyWest at the inception of her employment."  Finally, these records would also fall under a protective order including an attorney's eyes only provision thus protecting Plaintiff's privacy.

*Current Employers*

Plaintiff's current employers are identified as Dr. Borgsdat and Cost Plus, Inc.  Defendant's subpoena seeks employment records pertaining to "dates of employment, earnings, profits, benefits, business income, employment applications, submitted resumes, interview notes, salary, payroll, attendance, timecards, requests for accommodation or time off, and dates and hours worked from the first date of her employment to and including the present."

*Dr. Borgsdat*

Regarding the records of Dr. Borgsdat, Plaintiff contends that the doctor does not work on Sundays and thus "the probability that Plaintiff requested any accommodations to attend the St. James Anglican Church Sunday morning service" is none.  Moreover, she was an intern for the doctor rather than a paid employee so there will be "no payroll or earning history to discover."  Plaintiff further contends the request is over broad.

Defendant asserts that while it has been advised by Plaintiff's counsel that Dr. Borgsdat does not work Sundays and that Plaintiff was an intern, that information does not constitute admissible evidence.  Further, Defendant contends that Plaintiff's deposition was "summarily adjourned" before questions on this topic could be asked.  SkyWest is entitled to conduct reasonable discovery and this method is legitimate.  Defendant notes that because Dr. Borgsdat was identified by Plaintiff as a person with discoverable information, and if she did not seek treatment from him for physical or non-physical injuries, it is reasonable to assume that

information may pertain to employment. Finally, Defendant contends the subpoena was narrowly drafted, seeking only records within a reasonable time frame, and noting that Plaintiff's privacy would be protected by a protective order including an attorney's eyes only provision.

*Cost Plus, Inc.*

Plaintiff contends the subpoena is overly broad because she has already provided her application, acceptance letter, redacted W-2 and 2012 paystubs. Those documents provide employment dates, earnings and profits, benefits, application, salary and payroll information. Thus, the subpoena is "overly broad because it seeks information for 'accommodations and time-off' outside the protected category currently being litigated - religion."

Defendant argues its subpoena is not overly broad and it is entitled to conduct discovery regarding whether Plaintiff worked Sundays or sought accommodation to attend church because Plaintiff put her religious beliefs at issue.

***The Agreements Reached & Issues Resolved During the Hearing***

**1.     Pre Skywest Employment**

Plaintiff's employment prior to SkyWest included Starbucks and Behavioral Intervention Associates. The parties met and conferred and have agreed to the following modified language regarding the subpoenas directed to those entities:

> Records within your possession, custody and/or control regarding the employment of Elizabeth M. Thomason which show her dates of employment, employment applications, submitted resumes, interview notes, attendance, timecards, requests for accommodation or time off to attend any religious function or service, and dates and hours worked from the first date of her employment to and including the present.

Each subpoena shall be so modified.

**2.     Post SkyWest Employment**

The parties agree that Plaintiff was employed by Cost Plus after her employment at SkyWest. The issue of whether Dr. Borgsdat and the Peachwood Medical Group is an employer or only a treating physician and medical facility will be resolved with this discovery.

6

The parties agree that the subpoena directed to Cost Plus shall be modified as follows:

> Records within your possession, custody and/or control regarding the employment of Elizabeth M. Thomason at store location 7662 North Blackstone, Fresno, California 93720, which show her dates of employment, earnings, profits, benefits, business income, employment applications, submitted resumes, interview notes, salary, payroll, attendance, timecards, requests for accommodation or time off to attend any religious function or service, and dates and hours worked from the first date of her employment to and including the present.

The parties agree that the subpoena directed to Dr. Borgsdat and Peachwood Medical Group for possible employment records will be modified as follows:

> Records within your possession, custody and/or control regarding the employment of Elizabeth M. Thomason at Peachwood Medical Group, which show her dates of employment, earnings, profits, benefits, business income, employment applications, submitted resumes, interview notes, salary, payroll, attendance, timecards, requests for accommodation or time off to attend any religious function or service, and dates and hours worked from the first date of her employment to and including the present.

The subpoenas shall be so modified.

### 3.    Medical Records of Peachwood Medical Group

The parties could not agree with regard to the subpoena issued to Peachwood Medical Group wherein Plaintiff's medical records, rather than possible employment records, were sought. Defendant proposed modifying the subpoena as follows:

> Any and all records reflecting visits, examination, diagnostic testing, diagnosis and/or treatment of Elizabeth M. Thomason for any physical and/or non-physical injuries or conditions, including emotional distress, humiliation, embarrassment, and/or mental anguish, from July 2007 through the present. Records should include any records reflecting physician and staff notes.

Plaintiff continued to assert the subpoena violates her privacy and is too broad in scope. Plaintiff's arguments, both in the pleadings and at oral argument, are not persuasive.

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible." *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958). Discovery will also serve to narrow and clarify the issues in dispute. *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). Rule 26

of the Federal Rules of Civil Procedure establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

Because Plaintiff has alleged physical injuries and pain and suffering, any medical documents related to such injuries are clearly relevant and discoverable pursuant to Rule 26 of the Federal Rules of Civil Procedure. Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in a case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). By claiming emotional distress, embarrassment, humiliation or the like, as a result of her dismissal by SkyWest, Plaintiff has put her psychological state at issue and Defendant is entitled to discovery in this area. *See, e.g.*, *Doe v. City of Chula Vista*, 196 F.R.D. 562, 567 (S.D. Cal. 1999) (plaintiff in employment discrimination case waived psychotherapist-patient privilege where she sought to recover emotional distress damages by relying on her emotional condition as an element of her claim); *United States v. Crawford*, 1999 WL 33921851 at *3 (N.D. Ohio 1999) ("Plaintiff cannot assert a claim of emotional distress and introduce evidence which supports her theory of causation while simultaneously depriving defendants' expert of information which could lead to an alternative explanation of the cause of her emotional distress").

8

Plaintiff's concerns about privacy wherein the medical records produced may result in the production of medical records unrelated to those specific conditions are outweighed by the fact admissibility of any such record is another matter entirely, and by the fact this discovery is covered by the protective order already in effect in this litigation.

For the foregoing reasons, this Court ORDERS that the subpoena directed to Dr. Borgsdat and Peachwood Medical Group be MODIFIED as follows:

> Any and all records reflecting visits, examination, diagnostic testing, diagnosis and/or treatment of Elizabeth M. Thomason for any physical and/or non-physical injuries or conditions, including emotional distress, humiliation, embarrassment, and/or mental anguish, from July 2007 through the present. Records should include any records reflecting physician and staff notes.

**4.   Additional Matters**

The parties agreed and stipulated on the record that Plaintiff does not intend to introduce any costs of examination or treatment she received by Dr. Borgsdat as a component of her damages at the time of trial.

Additionally, the parties agreed and stipulated on the record that all of the aforementioned issues are covered by the protective order signed and filed in this action on July 26, 2012 (Doc. 23), are to be designated "CONFIDENTIAL" and are subject to an "ATTORNEY'S EYES ONLY" provision.

Finally, the Court notes that, if as Plaintiff asserts there are no records to be produced in response to any of these subpoenas, Defendant is entitled to a subpoena return stating as much. Defendant is not required to take Plaintiff at her word.

//
//
//
//
//

9

## CONCLUSION

The Court adopts the agreements and stipulations reached by the parties as stated on the record on August 24, 2012, and as reflected in this Order. With specific regard to the remaining issue of Plaintiff's medical records from Dr. Borgsdat and Peachwood Medical Group, Plaintiff's Motion to Quash is DENIED. Finally, the non-expert discovery deadline is hereby extended to October 10, 2012.

IT IS SO ORDERED.

Dated: **September 14, 2012**               **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE